T.C. Memo. 2018-39

UNITED STATES TAX COURT

CARLOS VALLEJO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17570-16.

Filed April 3, 2018.

Carlos Vallejo, pro se.

Emma S. Warner, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a)[1] on, petitioner's Federal income tax (tax) for his taxable year 2013 of $19,358 and $3,871, respectively.

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]   The issues remaining for decision for petitioner's taxable year 2013 are:

(1) Is petitioner entitled to deduct certain claimed expenses relating to a certain business that he contends he operated?  We hold that he is not.

(2) Is petitioner liable for the accuracy-related penalty under section 6662(a)?  We hold that he is.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in California at the time he filed the petition.

During 2013, the year at issue, petitioner was employed in the construction industry.  Each of Brutoco Engineering and Bechtel Global issued Form W-2, Wage and Tax Statement (Form W-2), to petitioner for his taxable year 2013 showing wages of $18,124 and $29,976, respectively.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for his taxable year 2013 (2013 return).  In that return, petitioner showed "total income" of $151,770 and "adjusted gross income" of $151,770.  The "total income" of $151,770 comprised "Wages, salaries, tips, etc." of $48,100,[2] "Taxable interest" of $17, "Taxable refunds, credits, or offsets of state and local income taxes" of

_____

[2]Petitioner attached to his 2013 return the respective Forms W-2 that he had received from Brutoco Engineering and Bechtel Global for his taxable year 2013.

[*3] $2,529, taxable "IRA distributions" of $76,793, "Unemployment compensation" of $1,995, taxable "Social security benefits" of $22,336. Petitioner did not include Schedule C, Profit or Loss From Business (Schedule C), with his 2013 return.

On November 24, 2014, petitioner filed Form 1040X, Amended U.S. Individual Income Tax Return, for his taxable year 2013 (2013 amended return or 2013 Form 1040X) in which he claimed a refund of $6,391 for that year. In his 2013 Form 1040X, Part III, Explanation of changes, petitioner stated: "Taxpayer negleted [sic] to declare his business." Petitioner included with his 2013 amended return Schedule C (2013 Schedule C) in which he showed (1) on line A his "Principal business or profession" as "Hunting Consulting" and (2) on line C the "Business name" as "Carlos Vallejo Hunting Consulting".

In the 2013 Schedule C, petitioner reported "Gross receipts" of $4,832. In that schedule, petitioner claimed the following expenses totaling $24,495 (total claimed 2013 Schedule C expenses):

[*4]

| Claimed Expense | Amount |
|---|---|
| Car and truck expenses | $2,001 |
| Legal and professional | 5,368 |
| Supplies | 6,958 |
| Travel | 816 |
| Meals and entertainment | 3,391 |
| Utilities | 4,406 |
| Other expenses | 1,555 |
| Total | 24,495 |

Respondent issued a notice of deficiency (notice) to petitioner for his taxable year 2013. In that notice, respondent determined to disallow petitioner's total claimed 2013 Schedule C expense deductions except for the "Meals and entertainment" expense deduction of $3,391. (We shall sometimes refer to the total amount of petitioner's claimed 2013 Schedule C expense deductions that respondent disallowed in the notice (i.e., $21,104) as the 2013 Schedule C expenses at issue.) Respondent also determined in the notice that petitioner is liable for his taxable year 2013 for the accuracy-related penalty under section 6662(a).

**[*5]**                               OPINION

Petitioner bears the burden of establishing that the determinations in the notice that remain at issue are erroneous.[3]  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deduction claimed.  See <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).  The Code and the regulations thereunder required petitioner to maintain records sufficient to establish the amount of any deduction claimed.  <u>See</u> sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

We begin by summarizing our evaluation of the evidence that we made part of the record at the trial in this case.  With respect to the testimonial evidence, petitioner was the only witness at that trial.  We found his testimony to be for the most part irrelevant and unhelpful in resolving the issues presented.  Despite our repeated admonitions reminding petitioner that he should be testifying about facts that he believed supported his positions with respect to the issues presented, he

---

[3]Although not altogether clear, it appears from our review of the joint first stipulation of facts that petitioner may be contending that he is entitled to deduct certain expenses that he did not claim in his 2013 Schedule C when he filed his 2013 amended return and included that schedule with that return.  In that event, petitioner would also bear the burden of establishing that he is entitled to deduct any such additional expenses.  <u>See</u> Rule 142(a).

**[\*6]** chose to complain during his testimony that respondent's counsel refused to agree that the documents that he had provided to her established his position that he is entitled for his taxable year 2013 to deduct the 2013 Schedule C expenses at issue. With respect to the documentary evidence, although certain of that evidence establishes that petitioner paid certain expenses during 2013, none of that evidence establishes that he is entitled under section 162(a)[4] to deduct the 2013 Schedule C expenses at issue.[5]

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that for his taxable year 2013 he is entitled to deduct the 2013 Schedule C expenses at issue.[6] On that

---

[4]With respect to certain of the 2013 Schedule C expenses at issue, petitioner must also establish that he satisfies the requirements of sec. 274(d). None of the documentary evidence that is part of the record establishes that he satisfies those requirements with respect to the expenses subject to that section.

[5]Nor does the documentary evidence that is part of the record establish petitioner's entitlement to deduct any expenses that he did not claim in his 2013 Schedule C.

[6]Based upon our examination of the entire record before us, we find that petitioner also has failed to carry his burden of establishing that for his taxable year 2013 he is entitled to deduct certain expenses that he did not claim in his 2013 Schedule C when he filed his 2013 amended return and included that schedule with that return.

**[*7]** record, we sustain respondent's determinations in the notice to disallow petitioner's deduction of those expenses in his 2013 Schedule C.

We turn to the remaining issue presented under section 6662(a). Section 6662(a) imposes an accuracy-related penalty of 20 percent on the underpayment to which section 6662 applies. Section 6662 applies to the portion of any under-payment which is attributable to, inter alia, (1) negligence or disregard of rules or regulations, sec. 6662(b)(1), or (2) a substantial understatement of tax, sec. 6662(b)(2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), aff'g T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), aff'd, 893 F.2d 656 (4th Cir. 1990). The term "negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

For purposes of section 6662(b)(2) an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax

[*8] shown in the return. Sec. 6662(d)(2)(A). An understatement is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown in the tax return for that year or $5,000. Sec. 6662(d)(1)(A).

The accuracy-related penalty does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on all the pertinent facts and circumstances, including the taxpayer's efforts to assess the taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent bears the burden of production with respect to the accuracy-related penalty under section 6662(a) that respondent determined in the notice. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To satisfy respondent's burden of production, respondent must come forward with "sufficient evidence indicating that it is appropriate to impose" the penalty. See Higbee v. Commissioner, 116 T.C. at 446. Although respondent bears the burden of production with respect to the penalty under section 6662(a), respondent "need

**[\*9]** not introduce evidence regarding reasonable cause * * * or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues." Id.

The parties stipulated the so-called civil penalty approval form with respect to petitioner's taxable year 2013 in which the group manager approved on April 18, 2016, the assertion of the "substantial understatement of income penalty" in the notice of deficiency that was thereafter issued to petitioner with respect to that year. See Graev v. Commissioner, 149 T.C. __ (Dec. 20, 2017), supplementing 147 T.C. __ (Nov. 30, 2016).

The record establishes that petitioner did not keep books or adequate records with respect to his alleged "Hunting Consulting" business. In addition, we have found that petitioner failed to substantiate properly the 2013 Schedule C expenses at issue or any other expenses that he claims he is entitled to deduct as expenses relating to that alleged business. See sec. 1.6662-3(b)(1), Income Tax Regs.

On the record before us, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a).

At trial, petitioner presented no evidence, and made no argument, as to why he should not be liable for his taxable year 2013 for the accuracy-related penalty.

[*10] On the record before us, we find that petitioner has failed to carry his burden of establishing that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment for his taxable year 2013.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is not liable for his taxable year 2013 for the accuracy-related penalty under section 6662(a). On that record, we sustain respondent's determination in the notice that petitioner is liable for his taxable year 2013 for that penalty.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.